UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN BOURNE,

        Petitioner,         CIVIL ACTION NO. 07-CV-15247

vs.

                             DISTRICT JUDGE PAUL D. BORMAN

CINDI CURTIN,                 MAGISTRATE JUDGE MONA K. MAJZOUB

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION**: Petitioner's Motion for a Certificate of Appealability filed on August 27, 2009 (docket no. 16) should be **DENIED**.

**II.**    **REPORT**:

Petitioner was convicted of first degree murder of a police officer following a jury trial in the Wayne County Circuit Court. He was sentenced to life in prison without parole on October 15, 2002. The Michigan Court of Appeals affirmed the conviction on appeal. The Michigan Supreme Court denied Petitioner's application for leave to appeal. Petitioner filed a motion for relief from judgment in the trial court which was denied. His motion for reconsideration was denied as well pursuant to MCR 6.508(D)(3) on April 6, 2006 . (Docket no. 1, ex. 5). The Michigan Court of Appeals denied leave to appeal the denial of the post-conviction motion pursuant to MCR 6.508(D) on March 30, 2007. On November 29, 2007, the Michigan Supreme Court denied leave to appeal the March 30, 2007 order of the Court of Appeals pursuant to MCR 6.508(D).

Petitioner filed a Petition for Writ of Habeas Corpus on December 10, 2007, which was

1

denied on August 6, 2009. (Docket nos. 11, 14). Petitioner filed a notice of appeal of the denial. (Docket no. 15). In the instant motion Petitioner moves for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). (Docket no. 16). No response has been filed to the Petitioner's motion. The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 18). The matter is ready for ruling.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists could find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

Petitioner seeks a certificate of appealability on all of the claims raised in his habeas petition. His first claim is that he was denied his right to the effective assistance of counsel. He faults counsel's cross-examination of prosecution witness Krystal Roe, which elicited testimony showing a pattern of domestic violence by Petitioner. Petitioner also contends that counsel performed unreasonably by failing to effectively cross-examine Thomas Gostias and bring out Petitioner's claims that he did not know Gostias and that Gostias had never been to Petitioner's house. He further alleges that counsel unreasonably failed to object to the jury instructions and the actions of

the judge in responding to a jury note without participation or presence of Petitioner and his counsel. Additionally, Petitioner contends that he is entitled to a hearing on his claims of ineffective assistance of counsel. After considering these issues, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to these claims. *Strickland v. Washington*, 466 U.S. 668 (1984).

Petitioner claims that his right to a fair trial was violated by the trial court's refusal to instruct the jury on the lesser included offense of manslaughter, by the trial court's exclusion of defense character evidence, and by the trial court's jury instruction that the verdict must be unanimous when it failed to give the jury an option of a not guilty verdict. He also argues that his right to counsel and right to be present during critical proceedings of his trial were violated when the trial court responded to a jury note in the absence of Petitioner and counsel. The Court has evaluated Petitioner's arguments and concludes that he has failed to demonstrate that he is entitled to a certificate of appealability on these issues.

Petitioner asserts that his claims were not procedurally defaulted because an appellate court decision under MCR 6.508(D) is not a reasoned decision. *Abela v. Martin*, 380 F.3d 915, 922-23 (6th Cir. 2004). He contends that if the claims were procedurally defaulted, the default was excused by the ineffective assistance of appellate counsel. The Court has considered Petitioner's claims related to procedural default and ineffective assistance of appellate counsel and finds that his request for a certificate of appealability on these claims should be denied. *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Simpson v. Jones*, 238 F.3d 399, 407-08 (6th Cir. 2000).

Accordingly, Petitioner's Motion for Certificate of Appealability (docket no. 16) should be **DENIED**.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate

to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 12, 2010                             s/ Mona K. Majzoub
                                                                  MONA K. MAJZOUB
                                                                  UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

    I hereby certify that a copy of this Report and Recommendation was served upon Brian Bourne and Counsel of Record on this date.


Dated: January 12, 2010                      s/ Lisa C. Bartlett
                                                          Case Manager